IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERARDO FRAUSTO-GUTIERREZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>LITTLE POPS PIZZERIA INC., an Illinois corporation, d/b/a LITTLE POPS PIZZERIA, and MICHAEL J. NELSON, an individual,<br><br>Defendants. | Case No. 16-cv-08949 |

## COMPLAINT

The Plaintiff, Gerardo Frausto-Gutierrez ("Plaintiff" or "Frausto-Gutierrez"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Little Pops Pizzeria Inc. d/b/a Little Pops Pizzeria ("Little Pops") and Michael J. Nelson ("Nelson"), as follows:

**Nature of the Suit**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other kitchen employees, worked more than 40 hours in individual workweeks and were not paid overtime compensation by Defendants. This case is brought as a collective action

under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4. Plaintiff Frausto-Gutierrez is a former employee of the Defendants. Plaintiff worked for the Defendants from approximately June 5, 2015 through August 26, 2016.

5. Plaintiff was employed by the Defendants as a cook.

6. During the course of his employment, Plaintiff regularly handled goods, including perishable food and food products, that moved in interstate commerce.

7. Plaintiff resides in and is domiciled within this judicial district.

8. Defendant Little Pops is a restaurant engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on the premises.

9. Defendant Little Pops is operated by Little Pops Pizzeria Inc. and is doing business as a restaurant within this judicial district.

10. The corporate officers and registered agent for Little Pops Pizzeria Inc. are located within this judicial district.

11. Upon information and belief, Defendant Little Pops earned more than $500,000 in annual gross revenue during 2014, 2015 and 2016.

12. Upon information and belief, Defendant Nelson is an owner of Defendant Little Pops.

13. Defendant Nelson possessed ultimate control over the day-to-day operations of Little Pops. Nelson hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records. In furtherance of these duties, Nelson hired the Plaintiff, paid his cash wages, set his initial rate of pay, and gave him a raise to a higher rate of pay.

14. Upon information and belief, Defendant Nelson resides in and is domiciled within this judicial district.

**Common Allegations**

15. Plaintiff, and other kitchen employees including cooks and dishwashers (the "kitchen employees"), were directed to work, and did work, more than 40 hours in individual workweeks.

16. Throughout most of his employment with Defendants, Plaintiff typically worked six (6) days per week from 10:00 a.m. to 9:00 or 9:30 p.m. on Tuesday, from 12:00 p.m. to 9:00 or 9:30 p.m. on Wednesday, from 12:00 p.m. to 9:00 p.m. on Thursday, from 12:00 p.m. to 10:00 p.m. on Friday and Saturday, and from 1:30 p.m. to 8:00 or 9:00 p.m. on Sunday. Plaintiff did not typically work on Monday.

17. Based on his work schedule, Plaintiff regularly worked between approximately 55.5 and 57.5 hours in most individual workweeks.

18. Defendants paid Plaintiff on an hourly basis.

19. Defendants initially paid Plaintiff on an hourly basis at the rate of $10.00. After approximately two (2) months following Plaintiff's hiring, Defendants raised his hourly rate to $14.00.

20. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay (or the statutory minimum wage) for hours worked in excess of 40 in individual work weeks.

21. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a work week.

22. In order to conceal their failure to pay overtime, Defendants paid all of Plaintiff's wages in cash.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

23. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

24. Throughout his employment with Defendants, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

25. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

26. During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the FLSA.

27. Throughout Plaintiff's employment, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

28. Defendant Little Pops was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

29. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

30. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid all of Plaintiff's earned wages in cash. Upon information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies.

**WHEREFORE**, the Plaintiff, Gerardo Frausto-Gutierrez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Little Pops Pizzeria Inc. d/b/a Little Pops Pizzeria and Michael J. Nelson, as follows:

   A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

   B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

   C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

   D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

32. Plaintiff hereby incorporates paragraphs 1 through 22 as though stated herein.

33. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

34. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

35. During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the IMWL.

36. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

37. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Gerardo Frausto-Gutierrez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Little Pops Pizzeria Inc. d/b/a Little Pops Pizzeria and Michael J. Nelson, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: September 15, 2016                Respectfully submitted,
                                         Gerardo Frausto-Gutierrez, on behalf of
                                         himself and all other Plaintiffs similarly
                                         situated, known and unknown, Plaintiff


                                         /s/ Nicholas P. Cholis
                                         _____
                                         One of Plaintiff's Attorneys



Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com